# Kline's Estate.

*Will—Legacies—Per stirpes or per capita.*

1. Where testator directs that the residue of his estate "shall be equally divided share and share alike, among the children of my deceased brother," naming him "and the children of my deceased sisters," naming them, distribution will be made per stirpes among the children of the brother and the sisters.

2. In such a case the court will in construing the will, resort to the usual statutory distribution for an analogy to help it.

Argued Oct. 30, 1908.  Appeal, No. 195, Oct. T., 1908, by A. B. Mettler, from decree of O. C. Northumberland Co., May T., 1906, No. 7, overruling exceptions to auditor's report in Estate of Francis A. Kline, deceased.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Exceptions to report of C. B. Witmer, Esq., auditor.
The opinion of the Superior Court states the facts.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Grant Herring*, with him *S. P. Wolverton* and *S. P. Wolverton, Jr.*, for appellant.—The words, "equally to be divided," when used in a will, mean a devise per capita and not per stirpes, whether the devisees be children and grandchildren, brothers and sisters, nephews and nieces, or strangers in blood to the testator: Bender's App., 3 Grant, 210; Kean v. Hoffecker, 2 Harring. (Del.) 103; Brown v. Ramsey, 7 Gill (Md.), 347; Peale's Est., 33 Legal Int. 374; Sutton's Est., 47 Pitts. L. J. 241; Stout's Est., 16 Montg. 193.

Where the intention of the testator is in doubt, the statute of distribution is a safe guide.

Under the act it has frequently been decided that nephews and nieces take per capita and not per stirpes: DeHaven's Est., 1 Clark, 336; Miller's Appeal, 40 Pa. 387; Krout's Appeal, 60 Pa. 380; Clement's Est., 160 Pa. 391.

It has been decided that the purpose of this act was to provide for per capita distribution when the distributees stand in the same degree of consanguinity to the intestate: Cremer's Est., 156 Pa. 40; McConnell's Est., 5 Pa. Superior Ct. 120; Smith's Est., 10 Pa. Dist. Rep. 92.

Where a gift is to the children of several persons, whether it be to children of A and B, or to the children of A and the children of B, they take per capita, not per stirpes: 2 Jarman on Wills, 756; Lugar v. Harman, 1 Cox's Cases in Eq. 250; Lincoln v. Pelham, 10 Ves. 166.

The statute of distributions governs in all cases where there
is no will; and where there is one, and the testator's intention
is in doubt, the statute is a safe guide: Ashburner's Est., 159
Pa. 545.

*George B. Reimensnyder*, with him *W. E. Bloom*, for appel-
lee.—We think that the auditor and the court below have
sufficiently vindicated the principle under which they arrived
at the opinion that the distribution should be made per stirpes.
The language used by the testator in the will upon which the
case at bar has arisen conforms more nearly to the language
in the wills construed by this court in the cases of Fissel's Ap-
peal,' 27 Pa. 55; Minter's Appeal, 40 Pa. 111, and Hiestand v.
Meyer, 150 Pa. 501, than that of the language of any of the
wills construed by the courts in the cases cited by the appel-
lant, and this in itself is sufficient to vindicate the opinion of
the court.

The testator in the case at bar having designated the classes,
and nothing appearing in any other portion of the will to make
his meaning doubtful, the classification must stand as made
by him: Hiestand v. Meyer, 150 Pa. 501; Osburn's App., 104
Pa. 637; Miller's Est., 26 Pa. Superior Ct. 453; Hicks' Est., 134
Pa. 507.

OPINION BY BEAVER, J., March 8, 1909:

The record here presents but a single question.

The decedent provides in his will as to his residuary estate:

"When my real estate is sold, out of the proceeds of such
sale, I make the following bequests.  To John P. Lawrence,
Harmon Lawrence, Mary Lawrence and Rachel Lawrence, I
give each the sum of one hundred dollars; and all the rest and
residue of my estate, whether proceeds of real or personal sales,
or of whatever character, shall be equally divided, share and
share alike, among the children of my deceased brother, John F.
Kline, and the children of my deceased sisters, Jane Mettler
and Mary Bassett."

Shall distribution be made per capita or per stirpes?

The auditor found, and the court below confirmed the find-

ing, that the will divided the children of the brother and sisters of the deceased into classes and that the distribution should be made per stirpes among the children of the brother and two sisters. The appellant contends that the distribution should be made among the nephews and nieces of the testator per capita.

This contention, it is claimed, is sustained by Brundage's Estate, 36 Pa. Superior Ct. 211. The clause in the testator's will interpreted in that case was: "Then the property to go to my brothers' and sister's children in equal proportions, share and share alike." It was there held that this indicated an intention to distribute the remainder of the estate per capita and not per stirpes. The language used in that case is entirely different from that which is presented for our consideration in the case before us. As we view it, however, the testator's intention here bears much greater similarity to the will which was interpreted in Sipe's Estate, 30 Pa. Superior Ct. 145. This latter case and those which it followed are fully referred to and quoted in the opinion of Judge AUTEN of the court below, as contained in the report of the case. His opinion, confirming the distribution as made by the auditor, is so exhaustive and the authorities relied upon so fully set forth that it would be merely a repetition to refer to or quote from them.

We are of the opinion that the language of the testator's will divided the children of his brother, John Kline, and of his sisters, Jane Mettler and Mary Bassett, into three classes which were to share alike in the distribution of his estate.

We are not unmindful of the suggestion made, and strenuously argued, by the counsel for the appellant, that, if classes are created by the will of the testator, there are but two instead of three, one, the children of his deceased brother John and the other, the children of his deceased sisters. We do not ignore, nor would we in any way minimize, the doubt which this language creates, and we are thus in the position of the Supreme Court, as outlined in Minter's Appeal, 40 Pa. 111, where the language of the testator created a doubt as to the thought or intention of his will, Mr. Chief Justice LOWRIE say-

586 KLINE'S ESTATE.

Opinion of the Court—Dissenting Opinion. [38 Pa. Superior Ct.

ing: "What then can we do but resort to the usual distribution of the law for an analogy to help us? When we find a man distributing his estate, in whole or in part, among his next of kin, and he leaves the proportions in which they are to take doubtful, it is quite natural for us to suppose that he had the statutory or customary form of distribution in his mind, and to interpret his will accordingly. This would classify the legatees as he seems to have done, and as the court below did, and allows the three classes to take as their parents would have done: thus they themselves take by a quasi representation and per stirpes." Here, as there, the words "each of" as to his sisters' children would have made his meaning more satisfactory, but, following the course adopted by the Supreme Court in Minter's Appeal just quoted, we reach the same conclusion.

The decree of the court below is, therefore, affirmed and the appeal dismissed at the costs of the appellant.

MORRISON, J., dissenting:

I cannot give my consent to the opinion of the majority of this court affirming the decree of the court below, and, therefore, respectfully dissent therefrom on the ground, that the language of the testator, "and all the rest and residue of my estate, whether proceeds of real or personal sales, of whatever character, shall be equally divided, share and share alike, among the children of my deceased brother, John F. Kline, and the children of my deceased sisters, Jane Mettler and Mary Bassett," calls for a distribution among all of the children designated, per capita. The grammatical, as well as the ordinary or popular meaning, of the above-quoted language, in my opinion, means per capita and not per stirpes. The testator, by said language, made but one class of the children of his deceased brother and sisters.

I would reverse the decree and direct that the fund be distributed per capita.