# Donohoe's Estate.

*Wills—Construction—Persons entitled to take—Words, etc.— "And"—"Each."*

1. Where testator leaves "everything to each of brother Dan's children and Phil. share and share," and it appears that Dan and Phil. are brothers of decedent, the gift will be construed as giving to Dan's six children and Phil. each a one-seventh interest in the estate, and not as giving to Dan's children one-half and to Phil. the other half.

2. The word "and" links the children of Dan with Phil., and the word "each" is used to describe the interest of every one who takes under the will, with the same effect as if each child of Dan had been separately named and then Phil. had been named.

Argued January 6, 1925. Appeal, No. 189, Jan. T., 1925, by Philip Donohoe, a devisee, from decree of O. C. Phila. Co., Jan. T., 1924, No. 289, awarding partition, in

estate of Michael I. Donohoe. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Petition of Joseph A. Donohoe, nephew of testator, and one of Daniel Donohoe's children, for partition. Before THOMPSON, J.

The opinion of the Supreme Court states the facts.

Partition awarded with decree that the share of the six children of Daniel and Philip, the brother, were entitled to one-seventh each. Philip Donohoe appealed.

*Error assigned* was decree, quoting record.

*H. Crowell Pepper,* with him *Ladner & Ladner,* for appellant, cited: Sipe's Est., 30 Pa. Superior Ct. 145; Osburn's App., 104 Pa. 637; Heistand v. Meyer, 150 Pa. 501; Miller's Est., 26 Pa. Superior Ct. 453; Ashburner's Est., 159 Pa. 545; Grim's App., 89 Pa. 333; Ihrie's Est., 162 Pa. 369.

*Thomas H. McCaffrey,* with him *J. Edward McCaffrey,* for appellee, cited: Penney's Est., 159 Pa. 346.

PER CURIAM, January 26, 1925:

Michael I. Donohoe died January 11, 1924, unmarried and without issue; his will reads as follows: "In case of death I leave everything to each of brother Dan's children and Phil. share and share."

Testator's deceased brother "Dan" left surviving him six children, and, on a petition for a citation to show cause why an inquest in partition should not be granted, the orphans' court decided that these six children, "together with Philip Donohoe, brother of decedent," were each entitled to a one-seventh interest in his real estate.

Philip Donohoe, appellant, contends the court below erred in its construction of the will, and that he is entitled to a one-half instead of a one-seventh interest in

testator's real estate, the other half to be divided so as to give to each of the six children of the deceased brother a one-twelfth interest.

We agree with the court below that testator "had individuals in mind, to wit, his brother Dan's children and Phil," to each one of whom he gave an equal share in his estate; also that "the word 'and,'" as used in testator's will, "links the children of Dan with Phil," and that "the word 'each' is used to describe the interest of everyone who takes under the will, with the same force and effect as if testator had named each child of Dan," and then had named "Phil."

The decree is affirmed; costs to be paid out of the estate.