CASES DECIDED IN ALL THE

# JUDICIAL DISTRICTS

OF

# PENNSYLVANIA

## VOL. VII.

---

### Baizley's Estate.

*Wills—Construction—Beneficiaries divided into two classes specifically distinguished by reference to their parents—Distribution per stirpes.*

Where the beneficiaries are divided by the testator into two classes specifically distinguished by reference to their parents, as in the case of a gift in remainder in equal shares to the child or children of A and the child or children of B surviving at the period of distribution, the children take *per stirpes*.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1915, No. 552.

The relevant provisions of the will and the facts in the case appear from the following extract from the adjudication of the Auditing Judge, LAMORELLE, P. J.

"The account, which is solely of income, is filed, as stated in the annexed petition, to obtain a decision upon whether the income should be distributed *per capita* or *per stirpes*.

"Because of the death of John H. Baizley and Rudolph R. Baizley, sons, and Helen Baizley, a daughter-in-law (not the wife of either of the said two mentioned sons), the shares of principal from which these three *cestui que trusts* in their lifetime received the income have passed into the residuary estate, and that residuary estate, under the provisions of the will of Elizabeth Ann Baizley, who died Dec. 5, 1914, is to be held for a period of ten years, and after paying the income on $4000 thereof to a 'faithful friend,' Alice M. Lees, for the period of her life—and she is alive—the rest is to be paid in equal shares unto the lawful child or children of Helen Baizley and Rudolph R. Baizley.

"There is one child of Rudolph R. Baizley, John Baizley. There are four children of Helen Baizley, to wit: Maria L. Greaney, J. Hackett, Rudolph R. and Thomas M. Baizley.

"As the grandchildren are not mentioned as grandchildren, but as descendants of a named child and of a named daughter-in-law, the Auditing Judge is of opinion that distribution should be made in analogy to the intestate law, and, therefore, rules that the son of Rudolph takes one-half and the other four children, descendants of Helen Baizley, take the other half in equal shares, after, of course, the income on $4000 is set aside for the benefit of

Alice M. Lees. The question, however, is sufficiently close to justify exceptions to this ruling. . . .

"Accordingly, the income is awarded as follows: To Alice M. Lees, her proportionate part on an investment of $4000, and the rest as indicated by this adjudication. Payment is so decreed."

*Joseph T. Taylor*, for exceptants.

*Frank F. Truscott* (of *Bell, Trinkle & Bell*), contra.

GEST, J., Dec. 11, 1925.—The income, which is the subject of these exceptions, is directed by the will of the testatrix to be paid "in equal shares unto the lawful child or children of her, the said Helen, and the lawful child or children of Rudoph, surviving, and the lawful issue of such of their lawful child or children as may be then deceased," etc. The Auditing Judge directed distribution to be made *per stirpes*, one-half to the only child of Rudolph and one-half among the four children of Helen, and we are of opinion that this award is in entire accord with the authorities which hold, in cases like the present, that the beneficiaries are divided into two classes specifically distinguished by reference to their parents: Fissel's Appeal, 27 Pa. 55; Minter's Appeal, 40 Pa. 111; Heistand v. Meyer, 150 Pa. 501; Kline's Estate, 38 Pa. Superior Ct. 582. In Brundage's Estate, 36 Pa. Superior Ct. 211, cited by the learned counsel for the exceptant, the bequest, by way of contrast, was to brothers and sisters' children in equal proportions, share and share alike.

The exceptions are dismissed and the adjudication confirmed absolutely.