# Herman's Estate.

*Decedent's estates—Contracts of decedent—Liability of executors to pay for work done after testatrix' death, on building devised to him—Wills—Construction—Residuary clause—Per stirpes.*

Where a testatrix contracted orally for the painting of buildings on her farm on a time and material basis, but before the work was begun died, and her executor, to whom she devised the farm, ordered the work to be performed, though at a cost less than that estimated under the testatrix' contract, the cost of the work was not chargeable to the estate.

If the personal interests of an executor are in conflict with those of the estate, he must adopt the course which will benefit the estate.

Where the beneficiaries under a will stand in different degrees of relationship to the testator, the intention to distribute per stirpes is to be inferred. If there is doubt, the view which favors the heir-at-law should be adopted.

A residuary clause which reads, "to F. W., and the nieces and nephews of my husband ...... share and share alike," F. W. being the only heir-at-law, gives half the estate to F. W. and half to the nephews and nieces as a class.

Argued March 18, 1927. Appeal No. 28, March T., 1927, by William J. Herman from decree of O. C. York County, in the Estate of Amanda Herman, deceased. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Exceptions to Auditor's report. Before NILES, P. J.

The facts are stated in the opinion of the Superior Court.

Amended report confirmed and exceptions thereto dismissed. William J. Herman appealed.

*Error assigned* was in dismissing exceptions to amended report.

*George Hay Kain,* and with him *Richard E. Cochran,* for appellant.

*Allen C. Wiest,* and with him *William A. Allen,* for appellee.

OPINION BY KELLER, J., April 22, 1927:

Two questions are involved in this appeal. The one relates to the allowance of credit in the account of a bill for painting done after decedent's death; the other to the construction of the residuary clause in the will. We will consider them in that order.

(1) Sometime before her death the testatrix orally engaged C. M. Becker, a local painter, to paint the buildings on her farm situated on the Bull Road, under a time and material contract, which he estimated would cost in the neighborhood of $400. He ordered the paint from a local hardware firm, and one barrel of oil had been delivered him when the testatrix died.

None of the work had been performed. By her will
the testatrix devised this farm in trust for the execu-
tor, Franklin H. Wogan, for twenty-five years, at the
end of which period it became his absolutely, or his
heirs' or devisees' in case he did not live that long.
She disposed of her residuary estate differently. After
the testatrix's death Mr. Becker took the matter up
with the executor. The latter demanded a "solid esti-
mate," which was furnished at $394, and the work was
done under it and paid for out of the estate. This
evidence was received without objection.

It was the executor's duty to administer the estate
with nothing in view but its interests. The devise, in
effect, to him of the Bull Road Farm did not alter
his duty in this respect. He was under obligation to
see that his private interests were not taken care of
at the expense of the estate. No work had been begun
on the contract. There is nothing to show that the
materials to be used were not staple products, which
could have been utilized on other work, or readily dis-
posed of, or even that the order for paint could not
have been countermanded without loss. The executor
had the power to cancel the contract: Dougherty v.
Stephenson, 20 Pa. 210; Dickinson v. Calahan's
Admrs., 19 Pa. 227; and, it would seem, could have
done so at little or no expense to the estate. On the
other hand, by affirming the contract, (if his act did
not amount to making a new one), he improved his
own property at the expense of the estate, in effect
charging the bill upon the residuary legatees. Where
the personal interests of an executor or other trustee
are in conflict with the general good of the estate the
law will always require him to adopt that course which
will benefit the estate rather than that which will re-
sult to his own advantage: Evans' Est., 1 Pa. Superior
Ct. 37; Harris' Est., 19 W. N. C. 538; Kellberg's
App., 86 Pa. 129. The first assignment of error is
sustained.

(2)  The other assignments are concerned with the interpretation of the residuary clause in the will, as follows: "I direct the hereinafter named executor of this my last will and testament to convert into money all the real and personal estate not hereinbefore devised or bequeathed, and the balance remaining after payment of debts and the costs of administering my estate, I give and bequeath unto Franklin H. Wogan, and the nephews and nieces of my late husband, Charles A. Herman, that survive me, share and share alike."

Franklin H. Wogan was the testatrix's nephew and only heir at law. In previous clauses of her will she had given him certain of her personal effects and devised to him the turnpike frontage of her farm in Manchester Township, in addition to the Bull Road Farm as above mentioned; while by the third clause she provided: "I give and bequeath to each of the nephews and nieces of my late husband, Charles A. Herman, three hundred dollars. Should any of the nephews and nieces above referred to not survive me, the three hundred dollars, that is herein bequeathed to them, I give and bequeath to the issue of each of the said nephews and nieces that die before me." In the second clause of her will the testatrix bequeathed to Franklin H. Wogan certain china and furniture, "and the large mahogany clock. The larger cherry clock I have given to the Hermans, who are to have the same upon my decease."

We agree with the learned court below that the correct interpretation of the will requires the residuary estate to be divided equally between Franklin H. Wogan, and the nephews and nieces of her husband, who survived her, treated as a class, thus giving one-half of her residuary estate to her own heir and the other half to the heirs of her husband; and that he rightly construed the will in holding: "The thought of

the testatrix regarding her one nephew, Franklin H. Wogan, ended when she stated: 'I give and bequeath unto Franklin H. Wogan,' with a comma after his name. The remainder of the clause relates solely to the share of the nephews and nieces of her deceased husband, restricting the bequest to those living at her death, and regulating the distribution among them. ...... These beneficiaries stood in different degrees to the testatrix. The first mentioned, as residuary legatee, is her sole heir. The other nine are in an entirely different class. When this is so, the intention for distribution per stirpes is to be inferred.''

Of course, two wills are hardly ever alike in all particulars, and every will must be interpreted in the light of its own provisions. We think, however, that the principles of construction applied in Minter's App., 40 Pa. 111; Risk's App., 52 Pa. 269, 273; Sipe's Est., 30 Pa. Superior Ct. 145; Kline's Est., 38 Pa. Superior Ct. 582; Miller's Est., 26 Pa. Superior Ct. 453; Fissel's App., 27 Pa. 55; Osburn's App., 104 Pa. 637; Young's App., 83 Pa. 59; Hiestand v. Meyer, 150 Pa. 501; and Ashburner's Est., 159 Pa. 545, are applicable here. Wogan was the testatrix's heir. The nine nephews and nieces of her husband were not her kin; hence they did not bear the same relation to the testatrix as Wogan, which distinguishes this case from Scott's Est., 163 Pa. 165; Joyce's Est., 273 Pa. 404; and Brundage's App., 36 Pa. Superior Ct. 211, relied upon by the appellant. The residuary bequest to them, however, conforms to the statement of the law by Judge HENDERSON in Brundage's Est., supra, that ''a bequest to a number of persons not named, but answering a general description, is a gift to them as a class'' p. 214, (Denlinger's Est., 170 Pa. 104); and this view is confirmed by the fact that the word ''each'' was not used in connection with their residuary bequest as it was in the bequest to them in the third clause of the will

above quoted. See Minter's App., supra, p. 115; Scott's Est., supra, p. 170; Donohoe's Est., 282 Pa. 254. Furthermore, if there is any doubt as to the correct construction that view should be adopted which favors the heir rather than outsiders: Malone v. Dobbins, 23 Pa. 296, 297; Lehman v. Lehman, 215 Pa. 344, 350; Fissel's App., supra, p. 58. The remaining assignments of error are accordingly overruled.

The decree is reversed to the extent indicated in this opinion and the record remitted to the Orphans' Court to report distribution in accordance herewith. The costs of the appeal to be paid out of the estate.