480

## Bencker's Estate

*Edgar A. Barnett,* for exceptant.

*George E. Letchworth, Jr.,* of *White, Fletcher & Schroeder,* contra.

VAN DUSEN, J., March 8, 1935.—When a testator gives a legacy to persons whom he describes by group designations two or more in number, and perhaps putting individuals among them, there is likely to be an ambiguity—at least at first glance. Did he intend a share for each group, or for each member of each group? Slight indications are seized upon to solve the puzzle, as in our own recent case of Davis' Estate, 21 D. & C. 1.

After a life estate to her husband, this testatrix gave the residue "in equal shares" to "All children of Hans Genk . . . who are living at the time of the decease of my said husband, and all the children of Karl Genk . . . who are living at the time of the decease of my said husband, and to Christiana Kern . . . and to Anna Kreener . . . and to Heinrich Fischer." She then added:

"In the event that at the time of the decease of my said husband and any of the above named legatees shall be deceased, then I order and direct that their share shall be paid and divided equally among the surviving legatees."

The words "in equal shares" do not help, as they are consistent with a distribution per stirpes as well as per capita: Risk's Appeal, 52 Pa. 269; Fissel's Appeal, 27 Pa. 55; Minter's Appeal, 40 Pa. 111; Hiestand v. Meyer et al., 150 Pa. 501; Ashburner's Estate, 159 Pa. 545; Herman's Estate, 90 Pa. Superior Ct. 512; Kenworthey's Estate, 19 Dist. R. 986; Baizley's Estate, 7 D. & C. 1. In fact most of the "per stirpes" cases contain a similar expression.

The clause providing for lapses is itself ambiguous, but when given the most probable construction, it discloses testator's intention as to the original gift. It is most probable that testator intends by this clause to provide for lapses among all the legatees, and not solely the three who are mentioned by name. "Above named legatees" more naturally means "legatees above referred to" than "legatees above called by name". And "surviving legatees", not being limited to "said legatees" or "said named legatees", most probably includes the legatees in the groups as well as those called by name. If this phrase refers in part to the legatees in the groups, then it refers to them as individuals, for groups do not survive, and a group as such is not naturally called a legatee.

If the lapsed shares are to go to individuals per capita, it is most likely that the original shares are to go in the same way.

The exceptions are dismissed, and the adjudication is confirmed absolutely.