## Kessler Estate.

Argued March 17, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Herbert S. Levy,* for appellants.

*John L. Bowman* did not argue nor submit a brief for Executor, appellee.

OPINION BY ARNOLD, J., July 23, 1948:

These appeals are from a decree of the orphans' court making distribution under the will of the testator. This will made certain bequests aggregating some $30,000, and directed the executor to convert all of the estate into money, and provided that "the balance remaining . . . after paying the above bequests, I give and bequeath in equal shares, per capita, to my brothers and sisters and the brothers and sisters of my deceased wife."

It cannot be doubted that under this clause the brothers and sisters of the testator and the brothers and sisters of the deceased wife took per capita. Nothing thus far in the will would give any sanction to a distribution of one-half of the remaining estate to the testator's brothers and sisters and the other one-half to the brothers and sisters of the testator's wife, and then dividing per capita within each class. The next clause of the will provides: "In the event any of these . . . distributees should predecease me leaving issue, the issue shall take the share which the deceased parent would have received. . . ." This clause likewise furnishes no basis for a division into classes and a per capita distribution within each class. While it is true that the share of a predeceased brother or sister would, under the Wills Act of 1917, § 15 [b] (20 PS § 252), descend per stirpes to issue, it is also true that careful scriveners draft such a clause even though the issue of some of the predeceased distributees would take without such a proviso.

Immediately following the preceding sentence, and separated only by a semicolon appears: ". . . and, in the distribution among these two classes I exclude from the distribution the persons answering the above description who have received specific legacies above enumerated, which legacies are given to show my appreciation and that of my deceased wife *for the many kindnesses exhibited to us during our lives.*" (Emphasis supplied.) This phrase is part of the same sentence which provides for per stirpes distribution. It was made a part of the same sentence because the testator wished to exclude those who had received specific legacies in the body of the will: and this was its only purpose. The will shows it to be drafted by a skillful lawyer, and the phrase, "in the distribution among these two classes I exclude, etc.", did not express an intention to alter the per capita distribution provided in the first quoted sentence, which is the only portion of the paragraph which bequeaths. An intention to distribute the estate to members of two different classes, and per capita within each class, is not found therein. While the testator bequeathed $5,000 to a named brother of his deceased wife, this is no evidence of an expressed intent to divide his estate into two parts, one for his relatives and one for those of his wife. These bequests, as the testator himself stated in the above quoted exclusion clause, were because of "the many kindnesses exhibited to us during our lives." That they happened to be given in the same amount to the wife's brother and the testator's brother is but an exemplification of the fact that these two persons had exhibited many kindnesses to the testator and his wife.

We think the scrivener expressed with great accuracy the intention of the testator. The will stated: "I give and bequeath in equal shares, per capita, to my brothers and sisters [per stirpes] and the brothers and sisters of my deceased wife [per stirpes]." This could not have been expressed in plainer words, and the intention of the testator as expressed by the words used may not be

whittled away or changed by a subsequent sentence in the will, the only purpose of which was to exclude from the general distribution any specific legatees. While precedents are not too valuable in will cases, it may be pointed out that this testator's disposition was *to* his relatives and his wife's relatives; and not *between* his relatives and those of his wife. Cf. *Ghriskey's Estate*, 248 Pa. 90, 93 A. 824. The instant bequests are to each legatee. Cf. *Penney's Estate*, 159 Pa. 346, 28 A. 255; *Donohoe's Estate*, 282 Pa. 254, 127 A. 625. See also *Haas Estate*, 20 Lehigh L. J. 84.

The decree is reversed, and the record is remitted with instructions to make distribution in accordance with this opinion. Costs to be paid out of the estate.