## Gray Estate

*William B. McClenachan, Jr.*, for petitioners.

*Hugh Bonner* and *Albert E. Holl, Jr.*, for respondents.

VAN RODEN, P. J., January 21, 1953.—This is a petition for a declaratory judgment requesting the court to interpret the will of the late George W. Gray, to ascertain the present ownership of premises 66 Post Road, Trainer, Delaware County, Pa., of which decedent died seised, and to determine and declare the respective proportionate interests in said real estate of the devisees thereof.

No formal answer to the petition has been filed of record, but it appears that all interested parties desire to obtain the decision of the court as to the nature and extent of their respective interests in the real estate. It is further agreed that the petition clearly states all pertinent facts. Consequently, there was no need for testimony in support of the petition, although petitioner did produce the scrivener of the will who testified concerning decedent's testamentary instructions.

The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, sec. 4, 12 PS §834, provides as follows:

"Any person interested, as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent,

may have a declaration of rights or legal relations in respect thereto—

"(a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; or

"(b) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or

"(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

Decedent died on October 18, 1936, having first made, published and declared his last will and testament in writing dated December 21, 1935, since duly admitted to probate, providing as follows:

"12/21/35

"I, George W. Gray being of sound mind do declare this to be my last Will and testament.

"I, give, devise and bequeath to my wife Ida, all that right, title and interest whatsoever, which I have in all my property, both real and personal, during her natural life, and at her death, the remainder to be equally divided, share and share alike, to my sons George Gray, Jr., Robert Gray, to the children of my son Sam Gray, deceased, to my daughters, Mabel, and Ethel, The sum of five dollars ($5.00) each to be given at the death of my said wife, Ida, to my sons, Mort Gray, Harold Gray, and Harvey Gray and to my daughter, Mrs. Eliz. De Night.

"It is also my desire that my son George Gray, Jr., be the executor of this my last will and testament.

"GEORGE W. GRAY"

Decedent was survived by his widow, Ida Gray, who subsequently died on March 7, 1951, which event terminated her interest in the real estate.

Decedent was also survived by two sons, George Gray, Jr., and Robert Gray; two daughters, Mabel M. Cardwell, and Ethel Muschamp; and by five grand-

children, Francis L. Gray, Samuel Gray, George Gray, Ethel G. Whitecar and James Gray, being the children of decedent's predeceased son, Samuel Gray.

George Gray, Jr., son of decedent, survived decedent, but subsequently died on December 25, 1937, intestate and without issue, survived by his widow, Madaleine Gray. By decree of this court dated September 8, 1952, the vested interest of George Gray, Jr., in premises 66 Post Road, Trainer, Delaware County, Pa., was set apart and awarded unto his widow, Madaleine Gray, as her widow's allowance under the provisions of section 2 of the Intestate Act of 1917.

Decedent's presently surviving children, Mabel M. Cardwell, Robert C. Gray and Ethel Muschamp, and also Madaleine Gray, the widow of George Gray, Jr., claim that they are each entitled to an undivided one-fifth interest in the real estate, with the remaining one fifth to be divided equally among the five children of Samuel Gray, deceased, thus ascribing an undivided one-twenty-fifth interest unto each of the grandchildren of decedent. The grandchildren, on the other hand, claim that each of them is entitled to share equally in the devise of the real estate, together with decedent's named children, on the theory that testator intended a per capita rather than a per stirpes distribution to the persons designated in his will and that he intended each of the children of his deceased son, Samuel Gray, to inherit the same quantum of interest in the real estate as each of testator's children.

If this contention is upheld, then each of decedent's surviving children, as well as each of the above-named grandchildren, would be entitled to an undivided one-ninth interest in the real estate.

Where there is a gift to a class comprised of members of different generations, and it is doubtful whether testator intended them to take per capita or per stirpes, the law favors that construction which

tends to conform to the legal statutory scheme of distribution, allowing each class to take as their parents would have done, per stirpes. Thus, in Minter's Appeal, 40 Pa. 111 (1861), where testator directed distribution of his estate "share and share alike among the children of my brother Adam, and the children of my brother Martin, and to my sister Barbara", it was held that decedent intended his estate to be divided into three parts, a one-third part given to his sister Barbara, one third unto the children of his brother Adam, and the remaining one third unto the children of his brother Martin. In its opinion, the Supreme Court stated (at page 115) : "If he meant that his nephews should be each equal to his sisters, the word *each* would have made his meaning clear." The absence of the use by testator of the word "each", was thus held to indicate an intention to divide testator's estate stirpitally.

Conversely, in Donohoe's Estate, 282 Pa. 254 (1925), where testator left, "everything to each of brother Dan's children and Phil. share and share", (Dan and Phil being brothers of decedent), it was held that the use of the word "each" indicated an intention to give Dan's six children and Phil a one-seventh interest each in the estate. In the instant case, however, the word "each" is conspicuously absent from the provision of the will in question.

Similarly, in Risk's Appeal, 52 Pa. 269 (1866), where decedent by will directed that the residue of his estate was to be divided between his "beloved children, George, Joseph, and children of Catharine Risk equally", it was held that Catharine's children took per stirpes and not per capita. The Supreme Court deemed it significant that testator designated his own children by name, but referred to his grandchildren merely as the children of a deceased child, thereby grouping them into a class and evidencing his intention that they were to take the share of their deceased ancestor.

The same rule was adopted by our Superior Court in Herman's Estate, 90 Pa. Superior Ct. 512 (1927). It was there held that where the beneficiaries under a will stand in different degrees of relationship to testator, the intention to distribute per stirpes is to be inferred.

In Ashburner's Estate, 159 Pa. 545 (1894), where decedent bequeathed his estate to his "daughters Harriet and Maria, and the children and heirs of my sons Benjamin and Charles, to be equally divided between them", and at the date of testator's will his two sons were dead, it was held that distribution should be made per stirpes.

In the instant case, John T. Flanagan, the scrivener of the will, testified that testator had instructed him to word the will in such manner as to create a distribution of the estate among his surviving issue per stirpes and not per capita, that the scrivener (a layman) advised testator that the words actually used by him in this will were effective to accomplish such result. Even were the court to ignore the testimony of the scrivener, and ascertain testator's intention solely from the words used in the will, the result would be the same.

As stated by Mr. Chief Justice Kephart, in Mayhew's Estate, 307 Pa. 84, 91 (1932), "the justice of a per stirpes distribution cannot be denied".

In a recent case involving the construction of a similar will, where decedent bequeathed his residuary estate "to my Sister Ellen Gross, my Brother Horace B. Stover and the children of Clara Ruch share and share alike", it was held that the estate should be divided into three equal shares, Clara Ruch's children taking per stirpes: Estate of Mary E. Bittner, Decd., 23 Lehigh 337 (1949).

Accordingly, the court concludes that it was testator's intention, as expressed in his will, that each of

166

his surviving children should take a one-fifth equal share in the remainder of his estate, and the remaining one-fifth share should be divided equally among the children of his predeceased son, per stirpes.

Therefore, the court enters the following

*Decree*

And now, to wit, January 21, 1953, a petition for declaratory judgment having been presented to the court in the above-captioned matter, and the court having assumed jurisdiction in the case, and after full and careful consideration the court being of the opinion that the present owners of premises 66 Post Road, Trainer, Delaware County, Pa., and their respective proportionate interests therein are as hereinafter set forth, it is hereby ordered, adjudged and decreed that the following persons be and the same are hereby declared to be the present owners of premises 66 Post Road, Trainer, Deleware County, Pa., and their respective proportionate shares or interests therein are hereby declared to be as follows: Mabel M. Cardwell, one-fifth interest; Ethel Muschamp, one-fifth interest; Robert Gray, one-fifth interest; Madaleine Gray, one-fifth interest; Francis L. Gray, one-twenty-fifth interest; Samuel Gray, one-twenty-fifth interest; George Gray, one-twenty-fifth interest; Ethel G. Whitecar, one-twenty-fifth interest; James Gray, one-twenty-fifth interest.