## ESTATE OF WILLIAM HICKS, DECEASED.

### APPEAL BY MARTHA R. HICKS FROM THE ORPHANS' COURT OF PHILADELPHIA COUNTY.

Argued April 10, 1890—Decided May 5, 1890.

Under a will which provided that the testator's property should be "equally divided between" his wife Martha and his daughters Ida B. and Ella B., each legatee would take one third, the word "between" being used as synonymous with the word "among."

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 286 January Term 1890, Sup. Ct.; court below, number and term not shown.

On November 11, 1889, in the adjudication of the account of Martha R. Hicks, widow and administratrix of William Hicks, deceased, it was found that the decedent, who died on November 24, 1888, had left a will, duly admitted to probate, and fully copied in the opinion of the court below, directing that after his just debts were paid his property should be equally divided "between" his wife Martha R. Hicks and his daughters Ida Bell and Ella Billmayer, if living at his death. The auditing judge, FERGUSON, J., divided the balance for distribution, to wit, $1,291.52, into three equal shares, giving one third to the widow and one third to each of the two daughters.

To this adjudication, the widow filed exceptions alleging that the auditing judge erred in not awarding her one half the fund for distribution. After argument thereof, the following opinion was filed, HANNA, P. J.:

The intention of testator is the guide toward a proper understanding of his will. It is not so much the meaning of the words used, as what he meant by the use of those words. This we are to discover. Testator himself wrote his will. It is very brief, and the language and spelling indicate he possessed but an ordinary education. It is in these words:

Opinion of Court below.

"PHILADA. Mar. 21, 88.   This is to certify that I Wm Hicks desires at my death after my ~~death~~ Just Debts are paid that my property shall be equaly divided between my Wife Martha R. Hicks and my ~~Dugh~~ Daughters Ida Bell and Ella Bill-mayer if living at my death.

"In witness whereof I set my hand & seal this 21st day Marsh 1888."

It is now contended by the widow that her late husband intended his estate to be divided into two equal shares, she being entitled to one share, and that remaining to be equally divided between his two daughters; and that such was his intention is shown by the use of the preposition " between," which can only be properly construed by giving it its correct and accurate signification; and, as it applies properly only to the case of two parties, two objects, two points, or two classes, we must conclude that testator's meaning was thus to divide his estate between his wife and daughters, the former taking one share and the latter another share.   But we do not think such was his intention.   If testator had used the common preposition " among " or " amongst," it is conceded there would be no room for argument.   And it needs no illustration to show the frequent and familiar use of the word " between," even by well-educated and otherwise accurate linguists, when " among " is intended.

In this will there is nothing to show testator's wish to give his wife one half of his estate, but there is sufficient to indicate his wish that it should be divided equally among the three persons named by him, his wife and daughters.   Our conclusion is, testator used the word "between" with the meaning of its frequent synonym " among," and his intention, therefore, was to divide his estate into three equal shares.   We are not aware of any authority which supports the position taken by the widow.   But numerous cases were cited to show it is wholly misconceived.

In Warrington v. Warrington, 2 Hare 154, the words were: " The residue of my estate I leave equally between my brother Thornhill Warrington and my sister Ann Van C., my nephew William Henry Warrington, and Emma, his wife."   It was claimed that this estate should be divided into three parts, treating the husband and wife as one person.   The court di

vided it into four, giving the husband and wife each a fourth, instead of a third, between them. The Vice-Chancellor held that "the number of shares into which the residue is divided must be determined by counting the legatees among whom it is equally given."

In Butler v. Stratton, 3 Bro. C. C. 367, the words were: "To sell and divide the produce equally between Robert Stratton, John Stratton, and the children of Mary Patterson." Mary had three children, and it was claimed that they together took only one share, a third. But the court held that each child and the two Strattons all took a fifth each.

In Brett v. Horton, 4 Beav. 239, the words were "equally between" four persons named. And in our own late case of Rowland's Est., 46 Leg. Int. 454, the words were "equally between" five children named, and the issue of the two also named deceased, and it was not supposed or claimed that testator intended to give one half his estate to the five children surviving and the other to the issue of the two deceased. See, also, Fissel's App., 27 Pa. 55; Risk's App., 52 Pa. 269; and Yohe v. Barnet, 3 W. & S. 81.

The case last cited was an action of account render to recover an alleged balance due by a copartner, and the words of the articles of agreement were: "The profits and losses to be equally divided among the three copartners," etc. It will be observed, the word "among" is correctly used, instead of "between." And yet, in the opinion of the court by KENNEDY, J., we find the learned judge not only misquotes from the agreement, and uses the word "between" instead of "among," as in the agreement, but says, "that the profits . . . . . were to be divided and shared. . . . . equally between the three; . . . . . and why shall not the losses . . . . . be divided . . . . . in like manner . . . . . between the three?" But it is clear he means the division should be made among the copartners.

It is, therefore, not surprising that testator should inaccurately express his thought and intention as to the disposition of his estate. Without further comment, we think the auditing judge reached a correct conclusion. And . . . . . the exceptions are dismissed and adjudication confirmed.

—Thereupon the exceptant took this appeal, assigning the dismissal of her exceptions and the confirmation of the adjudication for error.

Syllabus.

*Mr. John O. Bowman* (with him *Mr. Ormond Rambo*), for the appellant.

Other than the cases considered by the court below, counsel cited: Lockwood's App., 55 Conn. 157; Haskell v. Sargent, 113 Mass. 341; Haxton v. Griffith, 18 Gratt. 576; Schouler on Wills, § 466; Holcombe v. Lake, 4 Zab. 686; Jarman on Wills, 441.

*Messrs. Valentine & Brown* and *Mr. William C. Hannis*, for the appellees, were not heard.

In the brief filed, counsel cited: Fissel's App., 27 Pa. 55; Risk's App., 52 Pa. 269; Kean v. Doe, 2 Harr. 103; Gilliam v. Underwood, 3 Jones Eq. 100; Lackland v. Downing, 11 B. Mon. 32; Lockhart v. Lockhart, 3 Jones Eq. 205; Mander v. Harris, L. R. 24 Ch. D. 222.

PER CURIAM:

We affirm this decree upon the opinion of the learned president of the Orphans' Court.

Decree affirmed, and the appeal dismissed at the costs of the appellant.