CHARLES W. PERKINS & another, executors, *vs.* THOMAS H. E. STEARNS & others.

Suffolk.    December 6, 1894. — March 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*'ll for Instructions — Claims as to which Executors have no Duty to perform — Devise and Legacy — Continuance of Trust — Rights of Life Tenants — Vested Interest in Income.*

ie claim of legatees as to the disposition to be made of certain property on the happening of a certain event will not be considered under a bill for instructions brought by the executors of the will, if on the claims made the executors have no present duty to perform with respect thereto.

A testator directed by will that his executors should take charge of his estate on S. Street, and that " so much of the income from this S. Street estate as shall be needed for the payment of the taxes of my real estate and the interest on the mortgage upon said S. Street property shall be used for such taxes and interest, until the estate is disposed of by my executors, . . . and any surplus income shall be used by my executors in reducing the mortgage upon this S. Street estate ; . . . Said executors are to keep all the said premises in good repair and pay all taxes levied upon the same, and the net income therefrom shall be equally divided between the heirs of my mother, L., and my wife, E." The mortgage having been paid off, there was income from the estate in the hands of the executors. The principal provisions of the will in favor of the wife were for her life, and the will gave the executors no power to dispose of the above mentioned estate. *Held,* that the trust was to continue during the life of E., and that she took one half of the net income.

BILL IN EQUITY, filed December 14, 1893, by the executors of the will of William Stearns, to obtain the instructions of the court as to the construction of the will.

The case was heard by *Barker*, J., and reserved by him for the consideration of the full court. The facts appear in the opinion.

*A. S. Hall*, for the plaintiffs, read the papers in the case.

*A. E. Clary*, for Elizabeth R. Stearns.

*H. G. Allen*, for Thomas H. E. Stearns and others.

*C. J. Rolfe*, for Elmer K. Stearns.

FIELD, C. J. The questions on which the plaintiffs as executors of the will of William Stearns are entitled at the present time to receive instructions relate to the performance of their duties under the seventh article of the will. The heirs of the testator's mother living at the time of his death were two brothers and three sisters of the testator, and these were also the testator's heirs at law. The only other heir at law of the testator was Elmer K. Stearns, a half brother, not a child of the testator's mother. The first article of the will provided for the payment of the testator's debts and the funeral charges. The second article gave certain real estate to his sister Elizabeth B. Willis to hold to her and her heirs and assigns forever. The third article gave to his sister Althea H. Buffum certain other real estate to hold to her sole and separate use during her natural life, and it is provided that "as soon as possible after my decease said land shall be sold to the best advantage by my executors, and the income from the sale of said lands, or such portion of the principal as may be necessary for the support of my said sister Althea H. Buffum, shall be used for her benefit, and at her decease the amount of principal or income remaining shall succeed equally to the heirs of my mother, Lydia P. Stearns."

The fourth article gave to his sister Elizabeth B. Willis, Samuel B. Willis, her son, and his sister Althea H. Buffum, jointly, certain real estate "on condition that they keep the same in good order and repair, and pay all taxes levied thereon." The devise is "to them solely, and no one else shall have any right to control or occupy either of the herein named premises without the written consent of the said Elizabeth B. Willis and Althea H. Buffum, and at the decease of my said sisters the land and buildings thereon, herein named, shall succeed to and become the property of the heirs of my said mother, Lydia P. Stearns."

The fifth article gave to the testator's wife and to five persons whom we take to be the testator's brothers and sisters, not including his half brother, certain real estate, and the last clause of the article is as follows : " All of said lands to be sold to the best advantage by my executors, and the proceeds to be equally divided between the persons named in this Item 5 (five) for their benefit, they severally to have and to hold the same to them and their heirs forever."

The sixth article gave to his wife certain real estate " to hold the same to her sole use and behoof during her natural life, . . . the same to be kept in good repair and the taxes paid thereon by my said wife," and it was provided that " at the decease of my said wife, Elizabeth R., the estates herein named shall succeed equally to the heirs of my said mother, Lydia P. Stearns."

The seventh article is as follows: " Item 7. I hereby order and direct that my executors hereinafter named shall take charge of my estates situated at No. eighty-eight (88) and ninety (90) on Salem Street, as the street is now numbered, the same being a brick house and store; (so much of the income from this Salem Street estate as shall be needed for the payment of the taxes of my real estate and the interest on the mortgage upon said Salem Street property shall be used for such taxes and interest, until the estate is disposed of by my executors named herein, and any surplus income shall be used by my executors in reducing the mortgage upon this Salem Street estate;) also Nos. two (2), four (4), and six (6) on North Margin Street, as the street is now numbered, all in the city of Boston, county of Suffolk and State of Massachusetts. Said executors are to keep all the said premises in good repair and pay all taxes levied upon the same, and the net income therefrom shall be equally divided between the heirs of my mother, Lydia P. Stearns, and my said wife, Elizabeth R. Stearns."

The eighth article gives to the town of Topsfield, at the death of the testator's wife, five hundred dollars, etc.

The ninth article cancels all claims which the testator held against his brothers and sisters.

The tenth article gives all the rest and residue of the testator's real and personal estate not before appropriated in the will, and

" after the legacies hereinbefore named have been paid in full," to his wife to hold to her sole use during her natural life, "and at her decease the same shall be equally divided between the heirs of my said mother, Lydia P. Stearns, to be in equal portion to each and all of them."

The eleventh article empowered his executors to sell any and all his real estate excepting that described in the sixth and seventh articles " within five years from the date of my decease, or whenever a majority of the legatees hereinbefore named may wish to realize from the income thereof, and avoid paying taxes thereon."

The twelfth article gave to Annie E. Boyd the sum of thirty dollars annually during her life, to be paid by the executors, " and to be taken from any income from my estate in their hands."

The will concludes with the appointment of the executors.

It is alleged in the bill, and not denied in the answers, that the real estate mentioned in the seventh article as numbered 88 and 90 on Salem Street and 2, 4, and 6 on North Margin Street in Boston was " one property or estate bounded upon said two streets "; that the mortgage on this estate has been paid off, and that there is now an income from said estate in the hands of the executors. The widow of the testator is still alive, and her claim is that this real estate is held in trust by the executors, and that she is entitled to one half of the net income of this real property so long as it is held in trust ; that the trust was to continue only until the mortgage had been paid off from the income ; and that, as the mortgage has been paid off, she holds the property, or that it should be conveyed to her to hold, for her natural life, under the tenth article of the will. The claim of the brothers and sisters of the testator and the representatives of those who have deceased since the testator's death is that the widow of the testator is entitled during her life to one sixth part of the net income of said property, and that the trust is to continue during her life. The claim of the brothers and sisters as to the disposition to be made of this property on the death of the widow, as well as the claim of the testator's half brother as to his interest in this property on the happening of that event, cannot now be considered under a bill for instructions, as on

the claims made the plaintiffs have no present duty to perform with respect to these claims.

It appears that all of the property given by the will to the wife of the testator is given to her for her life, except the share given by the fifth article, which is given absolutely; and that all of the property given to her for her life is on her decease given to the heirs of the mother of the testator. But for the parenthetical clause contained in the seventh article, there could, we think, be no question that the executors were to divide the net income from the property equally between the heirs of the testator's mother and his wife so long as the wife should live. As the word "heirs" represents a class, there is no natural termination to the existence of the class. But a gift of income of real property to a particular person, when the property is put in the hands of executors or trustees to manage, without any limitation of time, for the purpose of keeping the property in good repair, paying the taxes thereon, and paying over the net income to such person, would naturally be considered as a gift of income to such person for his life. The principal provisions of the will in favor of the wife are for the use of property during her life. The only words in the parenthetical clause which occasion any doubt that the testator intended that the income should be divided between the heirs of his mother and his wife during her life are the words "until the estate is disposed of by my executors named herein." But the will gives no power to the executors to dispose of the estate mentioned in this seventh article. This estate is excepted from the authority to sell real estate given to the executors by the eleventh article, and is not included in the authority to sell real estate found in the other articles of the will. We do not know what the words which we have quoted were intended to mean. We certainly cannot say that it was intended by them to cut down the right of the widow and heirs of the mother of the testator to receive the income during the life of the widow. We think that the trust, as it is called, is to continue during the life of the widow. See *Blake* v. *Dexter*, 12 Cush. 559.

The next question is, Does the widow take one sixth or one half of the net income? We think that she takes one half. The bequest of income is to the heirs of the testator's mother as

a class. *Holbrook* v. *Harrington*, 16 Gray, 102. *Leland* v. *Adams*, 12 Allen, 286. *Balcom* v. *Haynes*, 14 Allen, 204. *Bassett* v. *Granger*, 100 Mass. 348. *Haskell.* v. *Sargent*, 113 Mass. 341.

The question has not been argued whether the heirs of the testator's mother living at the time of the testator's death took vested interests in the income during the continuance of the trust. They were all of the same degree of relationship to the mother, being her children. We understand that it is conceded that if the heirs as a class took one half of the income, each heir living at the time of the testator's death took one fifth of one half, and that this vested at the time of the testator's death, and that, if any of these heirs has died since the death of the testator, his or her share of the income belongs to his or her estate, and is to be paid to his or her personal representatives.

*Decree accordingly.*