# Gould's Estate.

*Decedents' estates—Practice, O. C.—Decree of distribution—Construction of will—"Law of the case"—Res judicata—Subsequent distribution—Burden of proof.*

1. The construction of a will adopted by an auditing judge in the distribution of an estate becomes "the law of the case," and will control subsequent distributions arising from the same fund or parts of the fund affected by the former adjudication.

2. Particularly is this true where the fund is turned over to trustees for the purpose of the will as construed by the auditing judge.

3. Where it is asserted that the fund in question is not the same fund affected by the former adjudication, the burden of proving so, rests upon him who asserts it.

Argued March 21, 1921. Appeal, No. 266, Jan. T., 1921, by Augusta G. Matthews, administratrix of estate of Josephine L. B. Gould, deceased, and of Augusta G. Matthews, individually, Josephine G. Gould and Ida Little, claimants, from decree of O. C. Phila. Co., Oct. T., 1878, No. 20, dismissing exceptions to adjudication, in estate of John Edgar Gould, Sr., deceased. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of LAMORELLE, P. J.

The opinion of the Supreme Court states the facts.

The court, in an opinion by GEST, J., dismissed the exceptions. Augusta G. Matthews et al., claimants, appealed.

*Error assigned,* among others, was decree.

*Trevor T. Matthews,* for appellants.—A particular construction of a will on a partial distribution by an auditing judge of the orphans' court to which no exceptions are filed, and from which no appeal is taken,

is not res adjudicata so as to bind the orphans' court: Kellerman's Est., 242 Pa. 3; Guenther's App., 4 W. N. C. 41; Kline's App., 86 Pa. 363; Raeder's App., 167 Pa. 597; Stahl's Est., 25 Pa. Superior Ct. 402; Reed's Est., 237 Pa. 125; Wickersham's Est., 261 Pa. 121.

*Frederick C. Newbourg, Jr.,* and *J. G. Kaufman,* for appellees.—The adjudication of Judge HANNA in 1877 is to be considered the law of this case, and the matter is res judicata: McCown's Est., 221 Pa. 324; Piper's Est., 208 Pa. 636; Rahm's Est., 226 Pa. 594; Channon's Est., 28 Pa. Dist. R. 479; Brown's Est., 190 Pa. 464; Kellerman's Est., 242 Pa. 10.

OPINION BY MR. JUSTICE KEPHART, April 25, 1921:

The will under consideration was before Judge HANNA of the Orphans' Court of Philadelphia in 1877, and, in passing on the executor's account, he held the widow should receive during her life, in addition to her estate under the intestate laws, $2,500 per annum, if the estate yielded so much, less what she might receive from her share of the income of the real estate. Under Judge HANNA's interpretation of the will, the widow's share was limited to the income from the estate up to $2,500. Since that time, under this ruling, the representatives of the estate have paid and the widow has accepted the income under the will. Three accounts have since been filed by the executors, the first considered by Judge HANNA and the others by Judge PENROSE. The latter stated, "It appears that testator gave to his widow one-third of his personal property absolutely and one-third of his real estate for life, with further provision that her income should be $2,500 if the estate would yield so much"; and directed the balance in the final account, to be held "for the purposes of the will, and in order that the income intended to be given to the widow may be duly paid." The fund was then turned over to trustees who, at different times, in like

manner, accounted for the income. It did not in any year reach $2,500. The widow now being dead, claim is made that the income between what was paid and $2,500, unpaid during the different years, was due the estate of the widow; that the will gave her, absolutely, $2,500 a year. This is the first time the correctness of Judge HANNA's decree has been challenged, although for forty years all parties have acted under it.

We will not discuss the correctness of that ruling; as it is not entirely clear he was in error in ascertaining, "from the four corners of the instrument," the intention of the testator to be that the wife's portion, in addition to one-third of the personalty absolutely and one-third of the real estate for life, as directed by the will, was $2,500 per annum, if the estate should yield so much, less what she might receive as her share of the income of the real estate. Appellant asserts the fund now before the court for distribution is a different fund from that distributed in 1877, and turned over to trustees, who have since accounted for it. The construction of a will adopted by an auditing judge in the distribution of an estate becomes "the law of the case" and will control subsequent distributions arising from the same fund or parts of the fund affected by the former adjudication; more particularly is this true when the fund is turned over to trustees for the purposes of the will as construed by the auditing judge: see Kellerman's Est., 242 Pa. 3, 5, and cases therein cited; and McCown's Est., 221 Pa. 324, 326.

To prove this was not the same fund was an affirmative matter, the burden resting on appellant. It was not met and could not be because of record facts. The fund before the court in the present adjudication is the same fund adjudicated in 1877 and turned over by the executors to trustees. We must therefore hold appellant was bound thereby; it is res judicata as to the fund now before the court.

Judgment affirmed.