## Estate of Henry K. Charles, Deceased.

Argued March 12, 1930.

Before Trexler, P. J.,

52

KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and GRAFF, JJ.

*H. Frank Eshleman,* for appellant.

*J. Hay Brown, Jr.,* for appellee.

OPINION BY BALDRIGE, J., April 18, 1930:

This is an appeal from an order of the orphans' court directing the appellant to file his account as trustee.

Henry K. Charles died testate, November 22, 1906. He gave his real estate to his sister, Fannie, during her natural life, and provided that if the rents derived therefrom were insufficient for the comfortable support of his sister, that his executor had authority to borrow $500 to pay her. At the death of the sister, the real estate, as well as his personal property, was devised and bequeathed to his nephew, Henry H. Charles. Henry H. Charles was appointed trustee, Jan. 14, 1909, of Fannie Charles, and on Feb. 11, 1909, there was awarded to him, as trustee, the sum of $500.55. The trustee died in 1911 and thereafter John Shenk, the appellant, was appointed his successor, filed a bond, and was duly qualified to act in that capacity. On May 20, 1912, the account of the administrators of Henry H. Charles was filed and it appeared therein that the sum of $518.77 was paid to John Shenk as trustee.

Fannie Charles, the cestui que trust, died February 11, 1928, and thereupon the principal estate was for distribution under the will of Henry K. Charles. On April 25, 1929, the trustee was cited to file an account of the trust fund. On June 6, 1929, he filed his account, in which he charged himself as follows: "October 12, 1912, with the sum of $500 raised upon mortgage on the premises of Henry K. Charles by virtue of power in the will of the same, mortgage recorded in Mortgage Book No. 152, page 9, in the office for the recording of deeds in and for Lancaster County ...... $500." The accountant then takes a credit for the sum of $500 paid to Fannie Charles under the directions of the will of Henry K. Charles. Exceptions were filed to this account for the failure of the accountant to charge himself with the $518.77 paid to him, as shown by the account of the administrators of Henry H. Charles. The $500 with which the trustee charged himself was an amount which the executors of the will of Henry K. Charles were authorized to raise and pay over to Fannie Charles. It was not part of the trust estate and had no place in the account filed.

The appellant takes the position that the decree of the court creating the trust and the subsequent orders relating thereto were made without authority and should be treated as null and void, as, under the will of Henry K. Charles, the personalty passed to Henry H. Charles, administrator d. b. n. c. t. a., and at his death to his successor, the appellant, as an administrator, and, therefore, he was not required to include in his trust account the $518.77.

We are not disputing the contention that a court's decree under certain circumstances may not be attacked. This general principle which is invoked and supported by cases cited by the appellant is not applicable thereto. This record shows that a trustee was appointed by the court and that he admittedly received and cashed a check for $518.77 to his order

as trustee, not as administrator d. b. n. c. t. a. He is, therefore, subject to the order of and must respond to the court which appointed him. He may not receive moneys as trustee and then repudiate the court's authority and refuse to account for the funds received by declaring that his appointment is invalid. To such an endeavor we cannot give our approval.

Mr. Justice KEPHART, in Gould's Estate, 270 Pa. 535, says: "The construction of a will adopted by an auditing judge in the distribution of an estate becomes 'the law of the case' and will control subsequent distributions arising from the same fund or parts of the fund affected by the former adjudication; more particularly is this true when the fund is turned over to trustees for the purpose of the will as construed by the auditing judge: see Kellerman's Est., 242 Pa. 3, 5, and cases cited therein; and McCown's Est., 221 Pa. 324, 326."

The trustee testified that Henry K. Charles owed the sister the sum of $518.77 and that he paid her the money on account of that debt. That explanation does not relieve him from filing an account to the court to which he is answerable. The destination of the fund accounted for is not for determination at this time.

The order of the court citing the appellant to file an account forthwith of the trust fund is hereby affirmed.