## Bayard's Estate.

Argued November 29, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*William Carson Bodine,* of *Pepper, Bodine, Stokes & Schoch,* for appellant, No. 211.

*Adolph G. Rosengarten, Jr.,* with him *Stradley, Ronon & Stevens,* for appellants, No. 212.

*Rodney T. Bonsall,* with him *Evans, Bayard & Frick,* for appellees.

OPINION BY MR. JUSTICE MAXEY, January 6, 1941:

This appeal involves the interpretation of the following paragraph in the will of Anna M. Bayard, who died on January 10, 1890: "4th.  I request that $500.00 a year be given to my niece Mary Bayard Henry during her life.  Should she marry let it be strictly settled on herself and her children, should she die childless, the amount to be divided between her sister Adeline M. Henry and the surviving daughters of my brother C. M. Bayard."  By the fifth paragraph testatrix gave $100 a year to each of the daughters of her brother, C. M. Bayard, and by the sixth paragraph she gave $100 a year also to her niece, Adeline McKean Henry, and her nephew, Alexander Henry, Jr.  By the sixth paragraph also she gave her residuary estate in trust, to be paid to her sister, Caroline Bayard Henry (named in the will as C. R. Henry) for life, and upon the sister's death to pay the principal to the sister's children.  The testatrix appointed as trustees her nephew, James Wilson Bayard, and her brother-in-law, Alexander Henry, Sr.

The testatrix was survived by four daughters of her brother, C. M. Bayard, viz.: Adele J. Bayard, Meta W. Bayard, Elise G. Bayard and Edith S. B. Wright, and by her sister, Caroline B. Henry, and the latter's two children, Adeline McK. Henry (afterwards Mrs. Baggs)

and Alexander Henry, Jr. The niece, Mary Bayard Henry, predeceased the testatrix, dying January 6, 1890. Mrs. Baggs (*nee* Adeline M. Henry) died on October 27, 1914, leaving a will in which A. M. Baggs and the Real Estate Trust Company were named executors and trustees. A guardian ad litem was appointed for her two minor children, Henry McKean Baggs and Edward Wolcott Baggs, to represent them at the audit of 1928. Decedent's sister, Caroline Bayard Henry, died on February 23, 1939. The four daughters of C. M. Bayard and Alexander Henry, Jr., still survive.

The first, second and third accounts of the executors of the Estate of Anna M. Bayard were confirmed by adjudication dated March 6, 1891, May 12, 1892, and May 11, 1908, respectively. James Wilson Bayard, the surviving trustee (Alexander Henry, Sr., the other trustee, having predeceased him) died on December 30, 1927. By decree dated January 20, 1928, the Pennsylvania Company was appointed substituted trustee. The account of James Wilson Bayard as stated by his executors, was confirmed by Judge Stearne by adjudication dated February 17, 1928.

The original trustees interpreted the fourth paragraph of the will as giving $100 per annum to Adeline McKean Henry Baggs and $100 to each of the four daughters of C. M. Bayard and made payments upon this basis until the death of Mrs. Baggs on October 27, 1914. Thereafter the trustees, and later the substituted trustee, divided the entire $500 among the four Bayard daughters.

The first account of the substituted trustee was audited May 8, 1939, before Judge Klein. At that time it was contended on behalf of Alexander Henry, Jr., one of the remaindermen, that under the proper interpretation of the will's fourth paragraph (supra) the four daughters of C. M. Bayard were entitled to $250 per annum to be divided among them instead of $500, and that the amount of principal to be retained in trust to sup-

port this payment should be computed upon the basis of $250 and not $500 per annum. This was the first time the court was asked to pass upon the construction of paragraph four. Judge KLEIN rejected Mr. Henry's contention, holding, without passing on the merits of the construction question, that the amount of the yearly payments to the Bayards under paragraph four of the will was res adjudicata by virtue of Judge STEARNE'S adjudication dated February 17, 1928. A supplemental adjudication by Judge KLEIN, dated July 19, 1939, dealt with another question not raised in this appeal.

The court in banc dismissed exceptions to the account filed by Alexander Henry, Jr., and by A. N. Baggs and the Real Estate Trust Company, executors of the will of Adeline McKean Henry Baggs, in an opinion by Judge BOLGER dated November 10, 1939. A Schedule of Distribution was filed and approved on March 21, 1940. As this showed a balance for distribution of $37,171.07, the entire balance was awarded back to the accountant for the annuity fund ($40,000 being required for this purpose under the adjudication) and nothing was awarded the remaindermen. Thereafter, the present appeal was taken upon behalf of Alexander Henry, Jr. An appeal was also taken by A. N. Baggs and the Real Estate Trust Company, executors of the Estate of Adeline McKean Henry Baggs.

Appellants' contention is that since testatrix's niece, Mary Bayard Henry, predeceased her, the alternative gift in that paragraph became effective and the income payment of $500 per annum became divisible as follows: $250 to Mary's sister, Adeline, and $250 to the four daughters of C. M. Bayard.

Judge KLEIN in his adjudication of July 11, 1939, said: "The fund presently accounted for was awarded to the present accountant as substituted trustee by the adjudication of STEARNE, J., of February 17, 1928, and the occasion of the filing of the present account is stated to be the decease on February 23, 1939, of Caroline Bayard

Henry (who appears from the petition for distribution and the prior adjudication of STEARNE, J., to be the same person as C. R. Henry referred to in the will), cestui que trust for life, and the resulting termination of the trust as to her. . . . Each of said daughters [of C. M. Bayard] is entitled, under the terms of the will, to an annuity of $100 and also, under the terms of the adjudication of STEARNE, J., referred to above, to one-fourth of the annuity of $500 bequeathed to Mary Bayard Henry, as succeeding annuitants. . . . The Auditing Judge is obliged to rule that the annuity interests of the said four daughters of C. M. Bayard were fixed and determined by the adjudication of STEARNE, J., referred to above and are now res judicata and cannot be disturbed. Judge STEARNE in his adjudication said as follows: 'From the above recitals it appears that Adele J. Bayard, Meta W. Bayard, Elise G. Bayard, and Edith S. B. Wright are each entitled to $225 per annum, and Alexander Henry, Jr., is entitled to $100 per annum, and Caroline B. Henry is entitled to the balance of the income.' All parties in interest are stated to have had notice of the audit before Judge STEARNE, and as no exceptions were taken to his conclusions with respect to the interests of the four daughters of C. M. Bayard, it is impossible for the present Auditing Judge to alter the scheme of distribution which has prevailed in this case for almost twenty-five years or since the death of Adeline M. Henry Baggs, and which has had judicial sanction for over ten years. *Forsythe's Est.*, 81 Pa. Superior Ct. 347 (1923) ; *Gould's Est.*, 270 Pa. 535 [113 A. 552] (1921). The accountants will therefore be directed to retain principal in a sum sufficient to continue paying an annuity of $500 a year to the said four daughters of C. M. Bayard in equal shares."

Appellant contends that the 1908 and 1928 adjudications did not make "res judicata" of the question now before us. In the adjudication of 1908 the only reference to the interests bequeathed by the will was a summary

of the provisions of that instrument. In summarizing the fourth paragraph Judge ASHMAN only recited the gift to Mary Bayard Henry and not the alternative gift which actually took effect. Judge ASHMAN was not requested to construe the fourth paragraph and did not do so.

The next account was filed upon the death of the surviving trustee, James Wilson Bayard. It was filed by his executors. This account contained an income accounting only subsequent to January 3, 1927 (the prior period being covered by a waiver). The parties in interest signed an approval of the account and a waiver of an income accounting prior to January 3, 1927. The petition for distribution filed in connection with this account shows that the court was not asked to construe paragraph four, but that under heading (d) which calls for a statement of any questions requiring adjudication, the accountants stated "None."

Appellant says in his paper book: "Caroline Bayard Henry was alive at the time of this audit and she, as life tenant of the residuary trust, would alone benefit by the correct interpretation of the paragraph. . . . The only difference between this adjudication and the one in 1908 is that Judge STEARNE recites that the four Bayards are each entitled to $225 per annum ($100 under paragraph five as to which there is no question, and $125 under paragraph four). However, since this was the nature of their interests as stated in the petition for distribution and since the petition for distribution stated there was no question requiring adjudication, we do not believe it can be said that the Auditing Judge adjudicated the meaning of the fourth paragraph of the Will to such an extent as to prejudice the rights of the appellant at a future accounting." Appellant adds: "Until the present audit appellant had no standing to raise the question of the paragraph's construction, that no question was called to the court's attention and that the court never consciously adjudicated the meaning of

this paragraph." We agree with the foregoing contention of appellant.

Appellees contend that the proper construction of this will requires a distribution per capita despite the use of the word "between" in paragraph four.

It must be conceded that the preposition "between" applies in its literal sense to only two objects while "among" always applies to more than two objects. Webster's International Dictionary says of this preposition "between": "When [it is] used of more than two objects, it brings them severally and individually into the relation expressed; as a treaty between three powers; the three survivors had but one pair of shoes between them." This correct usage of "between" even when there are more than two objects who are to be brought "severally and individually into the relation expressed," has perhaps given rise to the widespread use of this preposition "between" when more than two objects are to be affected. It is certain that in ordinary speech this preposition is frequently used when strictly correct speech calls for the use of the preposition "among." In *Ghriskey's Est.,* 248 Pa. 90, 93 A. 824, this court, speaking through Justice STEWART, said of the preposition "between" that "sometimes, more or less frequently, it is used interchangeably with the word 'among' which as properly used, refers to a greater number than two." In that case where a testatrix bequeathed her residuary estate "to be divided equally between my husband and our children, the children's money to be held in trust until they are 21 years respectively," and was survived by her husband and three children this court construed the will as dividing the gift equally between two classes, one of which consisted of the husband, and the other, of the children. In that case both the court below and this court held that the will itself contained a suggestion of division by class, i.e., that it was reasonable to believe that the testatrix would be

inclined to give one-half of the remainder of her estate to her husband and the other half to her children, and that therefore the preposition "between" should be given its "precise literal meaning." In other cases also this court has interpreted the preposition "between" as relating to only two legatees or classes of legatees, when there were two distinct classes as related to the testator. We have also judicially recognized that the use of the preposition "between" does not inflexibly apply to two classes of recipients and thus require a distribution per stirpes.

In *Hick's Est.*, 134 Pa. 507, 19 A. 705, this court held that under a will which provided that the testator's property should be "equally divided between" his wife Martha and his daughters, Ida B. and Ella B., such legatee would take one-third, the word "between" being used as synonymous with the word "among." In that case we affirmed Per Curiam the opinion of President Judge HANNA of the Orphans' Court of Philadelphia County, who, before citing several cases in which the use of the preposition "between" was interpreted as sanctioning a per capita distribution among more than two legatees, said in his opinion: "It is now contended by the widow that her late husband intended his estate to be divided into two equal shares, she being entitled to one share, and that remaining to be equally divided between his two daughters; and that such was his intention is shown by the use of the preposition 'between,' which can only be properly construed by giving it its correct and accurate signification; and, as it applies properly only to the case of two parties, two objects, two points, or two classes, we must conclude that testator's meaning was thus to divide his estate between his wife and daughters, the former taking one share and the latter another share. But we do not think such was his intention. If testator had used the common preposition 'among' or 'amongst,' it is conceded there would be no room for argument. And it needs no illustration to show

the frequent and familiar use of the word 'between,' even by well-educated and otherwise accurate linguists, when 'among' is intended."

In *McIntire v. McIntire,* 192 U. S. 116, the United States Supreme Court held that where a testator left a residue "to be equally divided between my brothers Edwin and Charles' children," and where at the date of the will Edwin had died leaving six children, five of whom survived the testator, and Charles had two children, one of whom survived the testator, the residue was to be divided *per capita.* In that case Justice HOLMES, speaking for the court, said: " 'Between,' if accurately used, imports that not more than two persons or groups are set against each other. . . . The equality of division is an equality between the groups. . . . But the court is of opinion that the general rule of construction must prevail according to which, in the case of a gift to the children of several persons described as standing in a certain relation to the testator, the objects of the gift take per capita and not per stirpes."

In the fifth paragraph of the will the testatrix used the pronoun "either" as referring to one of four nieces whereas "either" can be used correctly as referring to *only one of two* persons. It is not unlikely that a person who would be so unprecise in the use of words as thus to use "either" would also use the preposition "between" as synonymous with "among."

The five recipients of the testatrix's bounty were five nieces, one niece being the daughter of testatrix's sister and four being the daughters of her brother. In the absence of any text or fact persuasive to the contrary, it is reasonable to infer that the testatrix wished these nieces to *share equally* in the annuity she created in the paragraph under review.

The decree is affirmed; the costs to be paid by the estate.