## Moore Estate.

Argued April 16, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Philip N. Shettig,* with him *Thomas A. Swope,* for appellant.

*Edward J. Harkins,* for appellees.

OPINION BY BALDRIGE, P. J., July 19, 1945:

Annie S. Moore died March 8, 1938, testate. This appeal involves the construction of her holographic will, which reads as follows: "I an writeing my Will if any thing Hapins to me Before I come Home I Will ten Thousand to Mrs. Lizzie Lewis the rest of my Estate to be sold and all Debts Paid I to be laid away the Same as Bob all Debts Paid the remainder to be Devided Between my Nephues & Niece and Bob Nephues & Nieces and five Hundred to the Methodist Church and Five Hundred to each of the Home & Foringan Mishinary Cocity and Five Hundred to the Cemetary Asoation to Keep the Graves and Lots of Moores and Bushes in repair this is my Will I write and sign. Mrs. Annie S. Moore."

"Bob" was her husband, and "Mrs. Lizzie Lewis" was her husband's sister. Mrs. Moore's maiden name was Bush. She left to survive her three nephews and one niece. Robert Moore had 18 nephews and nieces. The question in dispute is whether the will divides the estate into moieties, one of which would go to the testatrix' nephews and niece, and the other to the nieces and nephews of Robert Moore, or whether all the nephews and nieces of both testatrix and her husband are entitled to share on a per capita basis. The learned court below distributed one-half of the funds in the accountant's hands to the nephews and niece of the testatrix, and the other one-half to the nephews and nieces of the decedent's husband. We are in accord with that construction of the will.

It will be noted that the testatrix provides that her residuary estate shall be divided *"between"* her nephews and niece *"and"* her husband's nephews and nieces, but none of them were mentioned by name. When a number of persons are not named, but included in a general description it is a gift to them as a class: *Brundage's Estate,* 36 Pa. Superior Ct. 211, 214.· Furthermore, the nephews and nieces of her husband stand in a different relationship to the nephews and niece of the testatrix. They are not in the same class with her own kin. It will be further observed that the testatrix did not divide the remainder between "each" of the nephews and nieces. It clearly appears by the use of the word "and" that the testatrix intended to separate her relatives from those of her husband. The word "between" is sometimes used synonymously with "among," but in a literal sense it applies to only two objects or persons.

While there is no duplicate of this unique testament, other wills have been construed by the courts that have some features in common with it. They, like guide posts, give aid to reaching the correct goal.

We turn first to *Herman's Estate,* 90 Pa. Superior Ct. 512. The testatrix in her residuary clause gave and bequeathed unto her nephew Franklin H. Wogan, and to the nephews and nieces of her late husband, share and share alike. It was held that Wogan, her nephew, was in one class and the nine nephews and nieces of her deceased husband were in an entirely different class; they were not her kin, therefore they did not bear the same relation as Wogan, and in such circumstances a distribution per stirpes should be inferred. See, also, *Risk's Appeal,* 52 Pa. 269; *Ashburner's Estate,* 159 Pa. 545, 28 A. 361.

In *Estate of Samuel Green, Deceased,* 140 Pa. 253, 21 A. 317, the testator provided in his will as follows: "I leave to my wife Hannah Green one half of my property. The other half to be divided equally between Josephine Lukens and the children of John R. Ash in

the event of the death of Josephine Lukens her portion to go to the children of John R. Ash." The court held that Josephine Lukens was entitled to one-half of the portion in dispute and the children of John R. Ash to the remaining one-half and further the presumption was that the word "between" was used in its proper and ordinary meaning.

In *Ihrie's Estate,* 162 Pa. 369, 29 A. 739, the facts are quite analogous to those before us. The testatrix, after making a number of bequests, directed that "the residue of my estate is to be divided between my husbands grand children and the children of Ferdinand Poree." There were fifteen grandchildren and four Poree children. The court in an opinion held that "between" should be considered in its proper sense as meaning two and not more. At the same time it recognized that this word "is not infrequently used, especially by the uneducated, and colloquially, in the sense of 'among,' as referring to more than two objects. But that admittedly is not its correct use. The presumption is in favor of the proper and correct use of words, whether technical or belonging to the language of ordinary life. If we rest on this presumption the distribution of the residuary estate into two parts was right ...... We come back therefore to the presumption as to the meaning of the words, unless we find something in the will itself that shows their use in a different sense." It was alleged there, as appellant does here, that the will showed that the testatrix was illiterate, but the court said that those reasons were not persuasive as illiteracy does not raise a presumption that words are used incorrectly.

One of our leading cases construing the word "between" in a will, is *Ghriskey's Estate,* 248 Pa. 90, 93 A. 824. The clause of the will in controversy there was as follows: "The remainder is to be divided equally between my husband and our children ......" The question for determination was whether the testatrix intended her

husband to receive one moiety of her residuary estate and the children to share equally in the other. The court there said: "But it does not appear that in common use among ordinarily intelligent people the distinction between the two words [among and between] has ceased to be observed; and while it is true that close adherence to precise literal meaning is not uniformly required by any rule of construction, yet before any other can be adopted, there must be something appearing in the will indicating an intention which would be otherwise defeated. Our attention has been directed to nothing in this will or extraneous circumstances, which to our mind affords any ground whatever for giving to the word 'between' as it occurs in the devising clause any different sense than that which if taken literally it implies." So here, reference to other portions of the will, which we have heretofore made, tends to confirm, rather than disturb, the construction given to the will by the court below.

In the recent case of *Lenhart's Estate*, 344 Pa. 358, 25 A. 2d 725, the testator in the ninth paragraph of his will gave the remainder, after a life interest, to be divided equally between the children of his brother and the children of his sister. The court said, p. 362: "The use of the word 'between' in the former clause was sufficient to make the division there per stirpes: (Citing cases)."

The cases relied upon by the appellant, while holding that "between" and "among" in some circumstances may be construed synonymously, the facts in each of them are dissimilar to those before us. For instance, in *Bayard's Estate*, 340 Pa. 488, 17 A. 2d 361, the word "between" was interpreted as meaning "among" but there the recipients of the testatrix' estate were five nieces. One niece was the daughter of her sister and four were the daughters of her brother. They all stood in the same relation to the testatrix, all in one class. It was reasonable, therefore, to infer that she wished

these nieces to share equally.

In *Estate of William Hicks,* 134 Pa. 507, 19 A. 705, the will provided that the property of the testator should be "equally divided between my Wife Martha R. Hicks, and my Daughters Ida Bell and Ella Bill-mayer if living at my death." Notwithstanding the word "between" was used, an equal distribution was ordered to those individually named, which revealed a clear purpose that each one should receive the same portion.

We are convinced that the learned court below was right in distributing the residuary. clause into two parts, one-half to the nephews and niece of Annie S. Moore, and the remaining half to the nephews and nieces of Robert S. Moore.

Decree of the court below is affirmed at appellant's costs.