## Loder's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

The facts appear from the following excerpts from the adjudication of

BOLGER, J., auditing judge.—This trust arose under the third item of the will of decedent, who died on January 19, 1908, wherein he directed that the balance of the net income of his estate should be divided as follows and paid semi-annually: To a sister, Zenobia B. Loder, 35 percent; to another sister, Agnes Ianthe Park, 35 percent; to a sister-in-law, Lillie Rose (later Frost), 15 percent; and to Miss Anna S. Focht, 15 percent. It was further directed that in the event of the death of any one of the beneficiaries their portion should be equally divided "between" the remaining

ones and so on until the death of all of the above named beneficiaries with the exception of the sister Agnes Ianthe Park, and in the event of her death her portion should go to her children to help raise and educate them. It was further directed that at the death of all the above-named beneficiaries and on arriving at legal age of all the sister's children (Agnes Ianthe Park), the estate was to be "divided equally between her (Agnes Ianthe Park) children and the children of my sister Mary Camitta Dennis." . . .

Anna S. Focht died on January 27, 1908. Zenobia B. Loder died on March 15, 1915. Lillie Rose (Frost) died on February 11, 1936, and Agnes Ianthe Park died recently on August 21, 1946. The trust is therefore now terminated.

Agnes Ianthe Park is survived by nine children, namely: Luther Augustine Park, Katherine Park Ott, Ivan Clinton Park, James Loder Park, Laura Josephine Park, Eugene Melanethon Park, John Alexander Park, Florence Elizabeth Park McAnulty and Percival Newton Park, all of whom are living and of age. Camilla Dennis (named in the will as Mary Camitta Dennis) is survived by three children, namely: Camilla Elizabeth Dennis, Dorothy Dennis Dunn and Edward Parker Dennis, all of whom are living and of age.

The gift in remainder is in this form: ". . . to be divided equally between her (Agnes Ianthe Park) children and the children of my sister Mary Camitta Dennis." The question propounded is whether the distribution shall be per capita among all the children, each receiving one twelfth, or per stirpes, the children of Agnes each receiving one eighteenth and the children of Camilla each receiving three eighteenths.

Other facts concerning testator and the circumstances surrounding him at the time he made his will and the time of his death are made the subject of a stipulation signed by all counsel. At the time of his

death testator was a widower, his wife and all of his children having lost their lives within a period of six months due to an epidemic in or about the year 1890. Testator was born on July 13, 1853, and his children, at the time of their deaths, were all quite young, the oldest being not over 10 or 12 years of age. The will was executed on June 30, 1905, some 15 years after testator lost his family. Testator had 12 brothers and sisters, all of whom, except two, lived to maturity and were alive when he died. Mary Camilla Dennis, one of the sisters mentioned in the will, was married to a physician who practiced his profession in Erie, Pa., and she is survived by three children as noted heretofore. Agnes Ianthe Park, the other sister mentioned, was married to a minister who, at different times had various churches, usually in Ohio. She is survived by nine children as mentioned. At least three of testator's brothers had children living at the time of his death, but for reasons best known to himself he chose to ignore them in his will, leaving the remainder of his estate to the children of his two sisters, Agnes and Mary.

The oral arguments of counsel, and a reading of their excellent briefs which are annexed hereto, indicate the fundamental principle to be that when there is a gift to the children of A and of B, or to the children of A and to the children of B, a per capita distribution is intended. Also, where all distributees stand in the same relationship to testator, they take per capita by analogy to the intestate laws: Scott's Estate, 163 Pa. 165. However, this presumption will yield to a very faint glimpse of a contrary intention. In Moore Estate, 157 Pa. Superior Ct. 296, it was held that the use of the word "between" was sufficient to indicate such a contrary intention, and a per stirpes distribution was ordered to two classes composed of testatrix's nephews and nieces and those of her husband. This is the strongest case against a per capita distribution here, but I

think it may be readily distinguished. In that case the will was short and in holographic form, and there was no indication from a reading of it that testatrix did not know the true, grammatical meaning of the word in question or that she did not use it properly. In the present case, as in Hicks's Estate, 134 Pa. 507, a reading of the whole will shows clearly that testator used the word "between" in the sense of "among". He employed the word twice: Once in the clause in question, and again improperly in connection with the gifts over of income, where he directed a division of income "between" the remaining life tenants upon the death of any one of them. To my mind, this indicates almost conclusively that the word "between" had for him the significance or connotation of "among".

Other cases cited are not precisely in point. In Ghriskey's Estate, 248 Pa. 90, the gift was to be divided equally "between my husband and our children". The husband survived, and there were three children. The court ordered a per stirpes distribution, one half to the husband and one half to the children. I do not regard this case as being applicable here, because there the husband was a single member of a class and a distinct person just as though he had been named specifically. In Lenhart's Estate, 344 Pa. 358, testator clearly indicated his knowledge of the correct usage of the word "between".

Testator displays throughout his will a clear preference and interest in the children of his sister Agnes, whereas the Dennis children are referred to only in the gift of principal in remainder. Mary Camilla Dennis, the mother of the Dennis children, was not given anything either of principal or income, whereas Agnes was named as a life tenant and her children were to receive her share of income in the event of her death before the other life tenants "to help raise and educate them". Furthermore, the ages of the children of Agnes

were employed by testator to determine the time of distribution of principal, i. e., when all of them attained "legal age". Had testator intended to give to the Dennis children the preference now claimed by them, he would have based the time of distribution to them upon their ages, especially since they were apparently older than the children of Agnes. The fact that testator did substitute Agnes' children for her in the gift of income "to help raise and educate them", and did fix their ages as a control on distribution of principal, without making similar provisions for the children of Mary, indicates that he had more affection for or interest in Agnes' children than in the Dennis children. With all these factors in mind, it is incomprehensible that testator intended to discriminate against the children of Agnes to the extent of giving each of them but one third as much as each of the children of Mary. A per capita distribution in this case is not only strongly indicated by the tenor of the will, but is just and equitable under all the circumstances. It is accordingly so ordered, and awards will be made hereunder on that basis. . . .

*W. Bradley Ward* and *Lemuel B. Schofield*, for exceptants.

*Albert Smith Faught* and *F. Carlyle Fee* (of Indiana, Pa.), contra.

VAN DUSEN, P. J., April 3, 1947.—The adjudication contains a thorough and convincing discussion of the question involved in these exceptions. In addition to the cases therein cited, we refer to Bayard's Estate, 340 Pa. 488. We agree with the conclusion of the auditing judge for the reasons which he gives, and dismiss the exceptions. The adjudication is confirmed absolutely.