# ESTATE OF MARY ROGERS, DECEASED.

APPEAL BY FRANCIS ROGERS ET AL. FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued November 11, 1889—Decided January 6, 1890.

Under § 2, act of April 27, 1855, P. L. 368, the second cousins of an intostate, who are the grandchildren of deceased uncles and aunts, are not entitled to participate in the distribution .as against first cousins, who are the children of deceased uncles and aunts: Brenneman's App., 40 Pa. 115.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 71 October Term 1889, Sup. Ct.; court below, No. 153 June Term 1888, O. C.

On July 6, 1888, the account of James E. Walker, executor of the will of Mary Rogers, deceased, was called for audit. Neither the will of the decedent, nor the testimony taken at the audit was printed in the paper-books, but it was stated in the paper-book of the appellant that Mary Rogers died on December 3, 1886, leaving a will in which some bequests were made, but as to the balance for distribution in this proceeding she died intestate, unmarried and without issue, leaving to survive her no father or mother, brothers or sisters, uncles or aunts. She left surviving, however, first cousins, who were the children of deceased uncles and aunts, and second cousins, who were the grandchildren of deceased uncles and aunts.

The auditing judge distributed the fund accounted for to the first cousins of the deceased, to the exclusion of the second cousins. Exceptions were filed by Francis Rogers and others alleging that the auditing judge erred in awarding the fund to the first cousins to the exclusion of the second cousins, and further, that the fund should have been distributed among the first and second cousins, as the next of kin of the decedent.

On February 13, 1889, the exceptions filed were dismissed by the court in banc, and the adjudication confirmed. Thereupon the exceptants took this appeal, assigning the decree of the court in banc as error.

*Mr. S. Schoyer, Jr.,* for the appellants.

Discussing Brenneman's App., 40 Pa. 115; Lane's App., 28 Pa. 487; § 7, act of April 8, 1833, P. L. 315; § 2, act of April 27, 1855, P. L. 368; Krout's App., 60 Pa. 380; Wood v. United States, 16 Pet. 342; Brown v. County Commissioners, 21 Pa. 43; Miller's App., 40 Pa. 387; Hayes's App., 89 Pa. 258; 2 Bouv. L. D., tit. Next of Kin; Slosson v. Lynch, 28 How. Pr. 417; Good v. Herr, 7 W. & S. 256; Parr v. Bankhart, 22 Pa. 291; McDowell v. Addams, 45 Pa. 430; Perot's App., 102 Pa. 257; counsel claimed:

(1) The act of 1833 vests absolutely in the next of kin, the cousins, as a class, the entire estate when they inherit at all. (2) That under that act they took per capita. (3) The act of 1855 did not by words, or implication, take that estate away, but merely directed that the shares of first cousins should be taken per stirpes, leaving those of the remoter degrees to be

taken per capita. (4) That Brenneman's Appeal so far as it disinherits second cousins, destroys the estates of second cousins, without words in the act of 1855 to authorize such destruction. (5) That the promotion into the class of collaterals of first cousins, as decided by Brenneman's Appeal, so that as such superior class they take ahead of next of kin, and thus preferring first cousins to living uncles and aunts, who are nearer in blood, but take only as next of kin, is illogical, injurious and unnecessary.

*Mr. James Fitzsimmons* (with him *Mr. John S. Robb*), for the appellees.

Counsel reviewing the cases discussed by the exceptants, and Lindley's App., 102 Pa. 235; Swasey v. Jaques, 144 Mass. 138; Baskin's App., 3 Pa. 307; Montgomery v. Petriken, 29 Pa. 121; submitted:

The opinion in Brenneman's App., 40 Pa. 115, is in exact accordance with the spirit and intention of the statutes regulating the distribution of intestates' estates in the commonwealth of Pennsylvania. Under the common law rule, estates descended either lineally or collaterally. The appellants, in their argument, seek to introduce a new mode of descent. They desire us to infer that estates may descend lineally or collaterally, or to next of kin; the descent to next of kin is certainly a new invention, and is an ingenious attempt to evade the well settled rule regulating the law of descent. In the law regulating descents, next of kin was a term applied to persons standing in the same degree with respect to the ancestor, and means "nearest of blood relatives."

PER CURIAM:

We listened with pleasure to the ingenious and able argument of the learned counsel for the appellants, but it has failed to convince us that Brenneman's App., 40 Pa. 115, should be overruled, or even modified. It was there held that under the act of April 27, 1855, P. L. 368, the children of deceased uncles and aunts take by representation such part of the estate of a decedent as the parents would be entitled to if living; that the rule of distribution is per stirpes, and not per capita; and that the second cousins of the decedent were not entitled to

participate in the distribution, as against his first cousins. If the question were new it would be an interesting one to discuss. But it is not new, and, however alluring the path may seem to the eye, we prefer to follow the beaten track.

The decree is affirmed, and the appeal dismissed, at the costs of the appellants.