## McClure's Estate.

*Wills—Devises to classes—Second cousins — Definition — Intention of testator.*

Where a testator directs that the residue of his estate "be divided between my first and second cousins share and share alike" and the context of the will, considered as a whole, indicates that he meant to include not only those who were, strictly speaking, second cousins, but also first cousins once removed, persons in that degree of relationship will be considered to be contemplated as devisees under the will.

Where the context reveals the least sign that the testator intended that first cousins once removed should be regarded as second cousins, they will be admitted into that class as beneficiaries.

Argued April 23, 1919. Appeal, No. 151, April T., 1919, by W. T. McChesney et al., from decree of O. C. Beaver Co., Sept. T., 1918, No. 35, In re Partial Account of the Federal Title & Trust Company, and Roger Cope, Executors of the Will of William James McClure, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Exceptions to auditor's report. Before BALDWIN, P. J. The opinion of the Superior Court states the case.

The court dismissed the exceptions and confirmed the report of the auditor.

*Error assigned* was the order of the court dismissing exceptions.

*J. Norman Martin,* and with him *William A. McConnell* and *C. A. Crabbe,* for appellant.

*J. F. Reed,* of *Reed & Reed, W. S. Morrison,* of *Hice, Morrison, Reader & May,* and with them *Winfield S. Moore, Robert L. Wallace* and *Moorehead & Marshall,* for appellees.

OPINION BY WILLIAMS, J., July 17, 1919:

William J. McClure died, testate, December 23, 1917, unmarried and without issue; his will was dated, April 4, 1912; a first codicil, November 24, 1916, and a second codicil, November 27, 1917; after giving several specific legacies the will provides "the balance of my monies ......shall......be divided between my first and second cousins share and share alike......"; by the first codicil testator provided that all his furniture, household goods, pictures and clothing be given to his "second cousin, Edward E. McClure," who was in fact a first cousin once removed; upon the filing of a partial account an auditor was appointed, who found that the distribution should be made to first cousins, second cousins, and first cousins once removed; from the decree of the court below, confirming this finding, we have the present appeal.

The only question in issue is the testator's meaning in the use of the term "second cousins." In determining this, the whole will must be considered. The context indicates that the testator meant to include not only those who were, strictly speaking, second cousins, but also first cousins once removed, for in the first codicil he refers to his "second cousin, Edward E. McClure," who is a first cousin once removed. This is a construction of the words by the testator too strong to be disregarded.

Black's Law Dictionary defines "second cousins" to be "persons who are related to each other by descending from the same great-grandfather or great-grandmother." It is a well established fact that the words are commonly used to include both second cousins, that is, great-grandchildren of the same great-grandparents, as well as first cousins once removed, or the children of a cousin as is witnessed by the use of the term in our Supreme Court reports: Brenneman's App., 40 Pa. 115, 117; Rogers's Est., 131 Pa. 382, 384, and see Slade v. Fooks, 8 L. J. Ch. 41, 42. It has been held in Bentham v. Wilson, 15 Ch. Div. 528, that where there is nothing in the context of the will to indicate whom the testator intended to in-

clude by the term "second cousins," the meaning will be confined to those having the same great-grandparents; other English authorities, however, before and after this case, hold that where the context reveals the least sign that testator had in mind first cousins once removed, they will be admitted into the class of beneficiaries: In re Bonner (Tucker v. Good), 19 Ch. Div. 201, 205; Wilks v. Bannister, 30 Ch. Div. 512, 518. In Weeds v. Bristow, L. R. 2 Eq. 333, the court said, referring to grandnephews coming in as nephews (335) : "The testator has put his own construction on his language, and has made a gift by implication of a share of the residue to his grandnephew; but I think the effect is to let in all the other grandnephews and nieces and there must be a declaration to that effect. There must also be an inquiry who they are."

Harrison's Est., 202 Pa. 331, does not affect the present controversy as the testatrix there referred to the specific persons claiming as grandnieces and nieces, while the class created to take were the "children of my sisters"; this would not be indicative of testatrix's intention to make grandnieces come within the class of beneficiaries, especially as it clearly appears that the use of the word "niece" was loose, while the language "children of my sisters," was descriptive of a well ascertained class, and not otherwise construed in the will (see 202 Pa. 334).

The decree of the court below is affirmed. Costs to be paid out of the fund.

The same order is hereby made in appeals No. 147, 148, 149, 150 and 152, April Term, 1919.