## Taylor's Estate. No. 2

*B. Nathaniel Richter*, for exceptant.
*Andrew J. Schroder, 2d*, contra.

HENDERSON, J., November 29, 1935.—By the second and third paragraphs of her will, testatrix provided as follows:

"Second. I give and bequeath unto my cousins, Mrs. Ida Buckman, the sum of Two Hundred Dollars, Mr. Rowland Walter, the sum of One Hundred and Fifty Dollars, Mrs. Kathryn Shearer, the sum of One Hundred Dollars, Miss Hester Buckman, the sum of One Hundred and Fifty Dollars, Mrs. Ella Lewis, in the sum of One Hundred Dollars, Jessie Buckman, in the sum of One Hundred Dollars, Miss Amelia Haegle, the sum of Two Hundred Dollars.

"Third. All the rest, residue and remainder of my es-

tate, real, personal, or mixed, of what so ever kind and nature and where so ever situate, of which I may die seised or possessed, I give, devise and bequeath unto my cousins in equal parts and shares, absolutely and in fee."

Of those named in the first paragraph, the first and second are first cousins, the next four are first cousins once removed, and the last a friend who is also executrix.

The two first cousins and one of the first cousins once removed predeceased the testatrix.

There is also a first cousin, Samuel Pearson, who is not named in the second paragraph. He files exceptions and claims the residue because he is the only first cousin to survive the testatrix.

Three constructions of the residuary clause may be urged: (1) The testatrix has set up her own dictionary as to the meaning of the word "cousin", and hence the residue should be awarded to the surviving four, named in paragraph two and there called cousins, although they are only first cousins once removed and a friend; (2) that the gift to "cousins" in the residuary clause should be interpreted strictly—as meaning first cousins—in which event we would have to discard her own definition of the word; and (3) that the gift to cousins is unlimited and hence we should include those whom she has called cousins and, as she did not say them alone, add to the class anyone who can technically qualify. The exceptant Pearson is a first cousin and hence is one of the class—"cousins"—to whom the residue is given.

We are of opinion that the third alternative affords the true solution of our problem. The gift is to "cousins". Whom did she intend? In the preceding paragraph she calls seven persons her cousins. She, however, does not limit the gift to them alone. So to complete the class we must add any first cousins, and, as Samuel Pearson qualifies technically, he must be included with the four surviving whom she called "cousins".

The adjudication will be modified accordingly.

In McClure's Estate, 72 Pa. Superior Ct. 550, we find an

analogous situation. The question is succinctly stated in the syllabus:

"Where a testator directs that the residue of his estate 'be divided between my first and second cousins share and share alike' and the context of the will, considered as a whole, indicates that he meant to include not only those who were, strictly speaking, second cousins, but also first cousins once removed, persons in that degree of relationship will be considered to be contemplated as devisees under the will.

"Where the context reveals the least sign that the testator intended that first cousins once removed should be regarded as second cousins, they will be admitted into that class as beneficiaries."

In a codicil to that will he called a first cousin once removed a second cousin, and hence all first cousins once removed were let in.

In the instant case the gift is to "cousins", technically first cousins, and to those we must add those whom she called cousins in her will.

The adjudication, with the concurrence of the auditing judge, is modified in accordance with this opinion, and as modified is confirmed absolutely.