## Bell's Estate

Before Stearne, Sinkler, Klein, Bolger and Ladner, JJ. (Stearne, J., presiding).

*Thomas Ridgway*, for exceptant.

*William Carson Bodine* and *Thomas Stokes*, contra.

LADNER, J., March 18, 1938.—The exceptions before us raise the single question whether the learned hearing judge erred in dismissing an appeal from the probate of a codicil to the will of Thomas Bell, deceased, on the ground that the contestant was not a party in interest.

Mary Connelly, the contestant (exceptant here) was a first cousin once removed of the decedent. There were first cousins but no living grandparents. The learned hearing judge held that under these facts the intestate laws, as interpreted by Miles' Estate, 272 Pa. 329, made the first cousins the next of kin to the exclusion of children of deceased first cousins.

Was this ruling error? We think not. The learned hearing judge for the reasons ably expressed in his opinion of which we approve, held that he was bound to construe the relevant provisions of the Intestate Act of June 7, 1917, P. L. 429, as interpreted by Miles' Estate, supra, as well as Whitaker's Estate, 175 Pa. 139, which interpreted the Act of May 25, 1887, P. L. 261, from which section 12 of the Intestate Act, supra, was copied.

The learned counsel for the exceptant, while conceding as he must that the language of the court in those cases is controlling, strenuously argues that we should treat the interpretation there made as obiter dictum or at least limit it to the facts. He points out to us that in Miles' Estate both first and second cousins were descended from the same grandfather and in Whitaker's Estate the second cousins, who were excluded, were descended from the same grandparents as the first cousins, who were declared to be the sole next of kin. In the case before us the exceptant is the sole descendant from a deceased grandparent, different from the one from whom the first cousins are descended.

In Miles' Estate, supra, p. 338, former Chief Justice von Moschzisker had before him and considered sections 10, 11, 12, and 19 of the then recently codified and revised Intestate Law of 1917, and after a careful review in the light of the previous laws therein incorporated and de-

cisions thereunder, declared the controlling principle to be that:

"When there is no living grandparent, and first cousins of the intestate survive him, second cousins, also surviving, are not the next of kin (nearest blood relations), nor can they take by representation; hence they do not take at all."

Apparently our decisions do not distinguish between second cousins and cousins once removed: McClure's Estate, 72 Pa. Superior Ct. 550, 551, and cases therein cited.

We are not prepared to say that when a court of last resort carefully reviews specific provisions of a statute and declares its interpretation thereof, courts of first instance are at liberty to ignore such interpretation as mere dicta in any case in which the facts are not exactly parallel. Moreover, obiter dictum is an expression of opinion by a judge on a collateral question not directly involved, or mere argument or illustration originating with him. Of distinctly higher grade is what is called "judicial dictum", which is an expression of opinion on a question directly involved (as here the interpretation of a statute) deliberately passed on by the court even though not strictly necessary to the decision: In re Chadwick's Will, 80 N. J. Eq. 168.

But whether the interpretation of the relevant sections of our Intestate Law of 1917 so far as its application to a situation differing to the extent here pointed out, is to be deemed obiter dictum, judicial dictum or more, we conceive it our duty to follow the interpretation to the full extent laid down by our Supreme Court, and leave it to that court itself to limit the language of its decision if it be minded so to do. See Strauss v. Jacobs, 10 Ohio Dec. 132.

Accordingly, all exceptions are dismissed, and the decree of the hearing judge in dismissing the appeal and remitting the record to the register is sustained.